IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Carl Wade, ) | |
| ) | |
|     *Plaintiff,* ) | |
| ) | |
|     *-vs-* ) | No. 15-cv- |
| ) | |
| Thomas Dart, Sheriff of Cook County, ) | *(jury demand)* |
| and Cook County, Illinois, ) | |
| ) | |
|     *Defendants.* ) | |

# COMPLAINT

Plaintiff Carl Wade, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133 and 29 U.S.C. §794a(a)(2).

2. Plaintiff is a wheelchair assisted resident of the State of Illinois. Plaintiff is currently confined at the Pinckneyville Correctional Center.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a

necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Defendants Sheriff and Cook County have received federal funds since at least 2011.

6. Plaintiff is unable to walk, requires the use of a wheelchair to move from place to place, and is a "qualified individual with a disability" protected by the ADA and Rehabilitation Act.

7. Plaintiff was incarcerated at the Cook County Jail from November 2013 until October 2014.

8. When plaintiff entered the Jail in November 2013, medical personnel employed by defendant Cook County recognized that plaintiff required a wheelchair to move from place to place, that plaintiff required a special toilet, sink, and shower facilities, and that plaintiff must be assigned to a housing unit capable of accommodating his disabilities (an "ADA accessible housing unit").

9. At all times relevant, the Cook County Jail has not had a sufficient number of ADA accessible housing units to house each qualified individual with a disability who enters the Jail.

10. Rather than take any corrective action about the insufficient number of ADA accessible housing units at the Jail, defendant Sheriff has turned a blind eye to the resulting widespread violations of federal law.

11. As a result of the Sheriff's above described deliberate indifference, a correctional officer, to whom the Sheriff has delegated the final authority to make housing assignments, assigned plaintiff to an inaccessible housing unit.

12. Plaintiff is one of the many disabled detainees who was assigned to an inaccessible housing unit because of the Sheriff's decision to accept custody of more disabled detainees than can be housed in the existing accessible units.

13. Plaintiff suffered physical injuries, including falls, because he was assigned to an inaccessible housing unit.

14. Following his assignment to inaccessible housing units, plaintiff made numerous oral and written complaints to defendants.

15. In addition to being confined to inaccessible housing units, plaintiff was discriminated against because of his disability each time he attended court at the Leighton courthouse, specifically by being denied access to toilet facilities and being required to roll up and down a steep ramp.

16. As a result of the above described discrimination, plaintiff was required to defecate in his pants during a scheduled court appearance in September 2014.

17. At all times relevant, defendant Sheriff of Cook County has been aware that detainees in his custody at the Cook County Jail are discriminated against because of their disability when leaving the Jail to attend court.

18. At all times relevant, defendants have turned a blind eye to the above described discrimination.

19. Defendants' liability for plaintiff's claim concerning court appearances at the Leighton Courthouse was conclusively established in *Lacy v. Dart,* 14-cv-6259, Mem.Op. October 8, 2015, ECF No. 203.

20. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900

Kenneth N. Flaxman
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Attorneys for Plaintiff*